IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Gordon P. Gallagher, United States Magistrate Judge


Civil Case No. 15 – CV – 2631 – MSK - GPG

JAMES GERALD KREUTZER,

     Plaintiff,

v.

STANLEY MYRON SLONAKER and
LAW OFFICE OF STANLEY SLONAKER,

     Defendants.

---

RECOMMENDATION OF THE MAGISTRATE JUDGE REGARDING   MOTION FOR PARTIAL DISMISSAL OF PLAINITFF'S CLAIMS

---

     This matter comes before the Court on the following motion:  Defendants' motion for partial dismissal of Plaintiff's claims (ECF # 21).[1]  Plaintiff did not respond.  The motion has been referred to this Magistrate Judge for recommendation.[2]   The Court has reviewed the pending motion. The Court has also considered the entire case file, the applicable law, and is sufficiently advised in the premises.  Oral argument would not be of assistance to the Court in

---

[1] "(ECF #21)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

this instance.  The Court RECOMMENDS that the motion for partial dismissal (ECF #21) be DENIED.

The facts:

James Gerald Kreutzer (Plaintiff herein) was a defendant in a federal criminal action in 2013.  Kreutzer hired Stanley Myron Slonaker, Esq. (Defendant herein) to represent him in that criminal action.   Kreutzer was ultimately sentenced to a BOP term thirty-eight (38) months, three (3) years supervised release, a $100 special assessment, a $10,000 fine and $186,473 in restitution.  The parties are diverse and the amount in question exceeds $75,000.00.

The claims:

Plaintiff's claims for relief, as set forth in the Complaint (ECF #1) are negligence and breach of fiduciary duty.  In support of the negligence claim, Plaintiff states that:

a. Defendant Slonaker failed to file appropriate documents in preparation of cross examinations of two witnesses that the Assistant United States Attorney Norvell were presenting in proposing an enhancement of Plaintiff's sanctions and sentence.

b. Defendant Slonaker failed to file appropriate document to present rebuttal witnesses in opposition of an enhancement of Plaintiff's sanctions and sentence.

c. Defendant Slonaker failed to meet with Plaintiff to give him notice of Judge Martinez's notice to an upward variance of the Sentence proposed by the recommendation of the Probation Officer.

d. Defendant Sloanaker failed to have a client meeting with Plaintiff to prepare documents that would have opposed Assistant United States Attorney Norvell's evidence.

(ECF #1, p. 6) (sic).  As a result of the aforementioned claimed negligence, Kreutzer believes that he "[r]eceived an extensive sentence above the guidelines and a substantial fine." (ECF #1, p. 6).

In support of the breach of fiduciary duty claim, Plaintiff asserts multiple sub-theories as set forth below:

Negligence:   the general allegations are that Slonaker failed to prepare documents, failed to prepare witnesses, failed to review the file, failed to make timely Court filings, and essentially was not prepared to properly represent Kreutzer at the sentencing hearing.  This negligence based breach of fiduciary duty claim is set forth in the complaint in paragraphs 39, 41, 42, 43 and 44 (ECF #1).

Breach of duty of care:  In paragraph 40, Plaintiff claims a breach of duty of care for a supposed failure to notify the Plaintiff that District Court Judge William Martinez had filed a notice stating that the Court was considering an upward variance.

Breach of fiduciary duty:  In paragraph 45, Plaintiff claims a breach of fiduciary duty for failure to properly advise Plaintiff of his appeal rights.  In paragraph 46, Plaintiff claims another breach of fiduciary duty related to recovering $70,000 from La Plata Electric Association.

Plaintiff's prayer for, as to both counts, includes a claim for severe emotional distress. (ECF #1, paras. 36 & 48).

Defendants' motion:

Defendant moves for partial dismissal of the claims for breach of fiduciary duty and for severe emotional distress.  Defendant's theory is that dismissal of the fiduciary duty claim us required as the claim is only a redundant repetition of the negligence claim and as such asserts no

allegations supporting a claim for breach of trust.  Defendant additionally seeks dismissal of the non-economic damages under the theory that they are not recoverable in a negligence action.

Standard of Review:

The Court may dismiss a complaint for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). To withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, which, taken as true, "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012). Although allegations of fact are accepted as true, legal conclusions are not. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Mere "labels and conclusions" and "a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. Accordingly, the Court disregards conclusory statements and looks only to whether the remaining factual allegations plausibly suggest the defendant is liable. *Khalik*, 671 F.3d at 1190-91.

Where the allegations in a complaint "are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (internal quotations omitted). "The nature and specificity of the allegations required to state a plausible claim will vary based on context . . . [and] requires the reviewing court to draw on its judicial experience and common sense." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214-15 (10th Cir. 2011).   Granting a motion to dismiss is a harsh remedy which must be exercised with caution to protect the liberal rules of pleading and the interests of justice. *See Cayman Exploration Corp. v. United Gas Pipe Line Co.,* 873 F.2d 1357, 1359 (10th Cir.1989). Thus, the

Federal Rules of Civil Procedure erect a powerful presumption against rejecting pleadings for failure to state a claim. *Id.*

Choice of law:

Although Plaintiff raises only state law claims in this case, the matter is before the Court on diversity jurisdiction.  A federal court sitting in diversity applies the substantive law of the forum state.  *See Mincin v. Vail Holdings, Inc.,* 308 F.3d 1105, 1108 (10th Cir. 2002).  In multistate tort controversies, tort claims are also analyzed using the most significant relationship test. *AE, Inc. v. Goodyear Tire & Rubber Co.,* 168 P.3d 507 (Colo.2007). Using this approach, "the court must determine which state has the most significant relationship to the occurrence and the parties." *Abdelsamed v. New York Life Ins. Co.,* 857 P.2d 421, 428 (Colo.App.1993) *rev'd and remanded on other grounds sub nom.* This analysis requires an evaluation of the relative importance of the following factors: (1) where the injury occurred; (2) where the conduct causing the injury occurred; (3) the domicile, residence, place of incorporation, and place of business of the parties; and (4) the place where the relationship between the parties is centered. Restatement (Second) Conflict of Laws § 145 (1971); *see also Dworak,* 551 P.2d at 200 (applying § 145 to tort claims). The general policy considerations stated in § 6 must also be considered as to the tort claims. *Abdelsamed, supra at* 428–29, *Hock v. New York Life Ins. Co.,* 876 P.2d 1242 (Colo.1994). In a tort case, " 'the protection of the justified expectations of the parties, which is of extreme importance in such fields as contracts, ... is of lesser importance in the field of torts.' " *Id.* at 429 (quoting § 145)). "Of greater importance in tort cases is the 'purpose sought to be achieved the by relevant tort rules of the interested state.' " *Id.* (quoting § 145, comment c).

This case is diverse because and only because of the place of residence and business of Defendant in the State of Arizona.  All other components of this case including:  where the alleged injury occurred, where the conduct occurred, and where the relationship between the parties was centered is Colorado.  The Court determines that, to the extent that state tort law applies to this case, it is Colorado law which will be applied.

Analysis:

The Colorado Court of Appeals has held that a claim for breach of a fiduciary duty is duplicative of a claim for professional negligence when the alleged violations are grounded upon the lawyers alleged negligence and lack of due diligence.  *Moguls of Aspen, Inc. v. Faegre and Benson,* 956 P.2d 618, 621 (Colo.App. 1997).  Separate claims may only be asserted if a claimed fiduciary violation is separate and independent from any alleged negligence.  *Id. at* 621.

Defendants argue Plaintiff's claim for breach of fiduciary duty is duplicative with his claim of professional negligence and therefore must be dismissed.   "[E]ven if the recovery sought was identical . . . it is well established that a plaintiff may seek alternative theories of recovery, even when only one of those theories could actually bear fruit at trial." *See Bd. of County Comm'rs of County of La Plata v. Brown,* 598 F.Supp.2d 1185, 1192–93 (D.Colo.2009).  Federal Rule of Civil Procedure 8(d) and Tenth Circuit authority allow a plaintiff "to pursue alternative and legally inconsistent theories up until the point where one of the inconsistent theories prevails to the exclusion of the others." *See id.* at 1193. Accordingly, "Rule 12(b)(6) dismissal is unavailable on that basis." *See id.*

Moreover, Colorado courts recognize that legal malpractice claims are not inherently identical to claims for breach of fiduciary duty by an attorney: "Legal malpractice actions based

on negligence concern violations of a standard of care, whereas legal malpractice actions based on a breach of fiduciary duty concern violations of a standard of conduct.... [W]hile legal malpractice actions may involve a simultaneous breach of trust, a claimed fiduciary violation may also be separate and independent from any alleged negligence." *Smith v. Mehaffy,* 30 P.3d 727, 733 (Colo.Ct.App.2000); *see also Martinez v. Badis,* 842 P.2d 245, 251–52 (Colo.1992); *Aller v. Law Office of Carole C. Schriefer, P.C.,* 140 P.3d 23, 27–28 (Colo.Ct.App.2005). Where "a claimed fiduciary violation is separate and independent from any alleged negligence, separate claims may well be properly asserted." *Moguls, supra at* 621. Accordingly, when an attorney's alleged misconduct can "be characterized as something other than professional negligence," a jury can properly find for a plaintiff on both claims. *See Aller,* 140 P.3d at 28.

Plaintiff's complaint includes sufficient allegations of actions that can "be characterized as something other than professional negligence." *Id.* Three additional claims fall within what could reasonably be construed as going beyond the bounds of professional negligence. These are: (1) the claim in paragraph 40 for supposedly failing to notify the Plaintiff that the District had filed a notice stating that the Court was considering an upward variance; (2) the claim in paragraph 45 that Defendant failed to properly advise Plaintiff of his appeal rights (the claim goes beyond a simple deficient advisement and implicates an attempt to influence the client not to appeal); and (3) the claim in paragraph 46 that Defendant failed to assist in recovering $70,000 from La Plata Electric Association.

These acts—while they have some bearing on Plaintiff's professional negligence claims—support the additional breach of fiduciary duty claim. *See, Id.* at 28–29 (finding a breach of fiduciary duty claim distinct from a professional negligence claim when the attorney is alleged to have abused his position of trust with the client for his own financial gain, or when the

attorney is alleged to have acted with malice, oppression, bad faith, fraud, or a heedless disregard of the consequences).   Viewing these allegations as true, as I must at this time and in this posture, the combination of what can be reasonably construed as known negligent actions along with an attempt by the attorney to protect himself by trying to convince the client not to appeal, does state a cognizable claim for breach of fiduciary duty.   As such, to the extent a motion under Rule 12(b) to dismiss a theory of damages (sever emotional distress) can even be addressed at this time, such a motion must also fail.   Accordingly, while Plaintiff will eventually bear the burden to proffer evidence supporting his allegations, dismissal is inappropriate at this time.

For the foregoing reasons, this Court recommends that the motion for partial dismissal (ECF #21) be DENIED.

Dated at Grand Junction, Colorado, this 6th day of March, 2016.

_____
Gordon P. Gallagher
United States Magistrate Judge